UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RANDALL L. STATHERS                                                    PLAINTIFF

v.                                               CIVIL ACTION NO. 3:06CV-526-S

ICE CREAM DISTRIBUTORS OF EVANSVILLE, LLC                    DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, Ice Cream Distributors of Evansville, LLC ("ICD"), for summary judgment in this action brought under the Kentucky wage and hour statutes, KRS Chapter 337.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

The plaintiff, Randall L. Stathers, worked for ICD, an ice cream distributorship, from December 1996 until he left his employment on January 26, 2006. In 2004, the company was bought out. The new management met with Stathers in September, 2004 concerning his continued employment with the company. The parties discussed and Stathers signed a goals sheet which indicated that Stathers would receive a base salary of $54,000.00 per year and discretionary bonuses for excellent management and for sales increases in his territory. The goals sheet indicated that he was responsible for management of various weekly routes, weekly freezer inspections, weekly sales prospecting and weekly reporting. Stathers was a route supervisor responsible for supervising five full-time truck drivers and one part-time driver. He states that in addition to managerial responsibilities, he assisted the drivers in loading and unloading the trucks, drove routes and made special deliveries, and repaired broken freezers and trucks because they were a small fleet.

On January 18, 2006, Stathers gave notice that he was resigning his employment, effective January 27, 2006, in order to accept a position with Edy's Grand Ice Cream. Stathers was on sick leave from January 20-27, 2006. He did not return to work thereafter. ICD claims that it prepared Stathers' final check, but determined to retain it until Stathers returned all of ICD's property. ICD contends that Stathers returned some company property, but did not return ICD freezer lists, customer lists, and price lists. Stathers filed suit in the Oldham County, Kentucky, Circuit Court alleging violation of KRS 337.385 and 337.055 for ICD's refusal to pay him wages that he was owed. He claims that ICD wrongfully withheld payment for his last two weeks of work, for vacation time, and for a bonus for the year 2005. The action was removed to this court under our diversity jurisdiction.

KRS 337.385 provides for recovery by employees of unpaid wages or overtime compensation. KRS 337.010(2) limits the definition of "employee" for purposes of who may recover under 337.385:

"Employee" is any person employed by or suffered or permitted to work for an employer, but shall not include:

...Any individual employed in a bona fide executive, administrative, supervisory, or professional capacity...as the terms are defined by administrative regulations of the executive director...

803 KAR 1:070, section 5 defines an individual employed in a bona fide supervisory capacity as an employee "(1) whose primary duty consists of customarily and regularly directing the work of two (2) or more employees...; and (2) who is compensated for his services on a salary basis at a rate of not less than $455 per week..."

Stathers was paid a salary over $50,000.00 per year.  Therefore, there is no dispute that he met the second requirement of the regulation.  He contends, however, that a genuine issue of material fact exists concerning whether his primary duty consisted of customarily and regularly directing the work of two or more employees since he had additional job duties.  Stathers' affidavit falls short of establishing a genuine issue of material fact, however.  He states only that as a route supervisor, he did not exclusively supervise other employees.  He admits, however, that in his position, he supervised six employees.  He does he aver that in his employment as a route supervisor, supervising six employees was not his primary job duty.

Stathers argues that summary judgment is premature, as he has not had an opportunity to conduct discovery on this issue.  However, the information concerning the allocation of his time to the various tasks he describes as part of his job is information peculiarly within the knowledge of Stathers himself.  Yet he has not offered any such information.  As noted in *City of Louisville Division of Fire v. Fire Service Managers Association*, 212 S.W.3d 89, 94, n.4 (Ky. 2006), "[A] showing that a claimant is an 'employee' under KRS 337.285 is an element of the claim itself."  As

such, the burden rests with Stathers to offer some evidence to controvert ICD's assertion on summary judgment that his status as an employee cannot be proved.[1]

Stathers  hs also claimed a violation of KRS 337.055 which requires that an employee be paid wages due within fourteen days of the date of voluntary leaving or from the date of demand if the employee is absent from employment.  This subsection does not provide a right of action. Rather, KRS 337.385 provides that any employer who pays an employer less wages than he or she is entitled *under or by virtue of KRS 337.020 to 337.285* shall be liable to such employee.  As the supervisory employee exemption of KRS 337.010(2) applies to KRS 337.385 as earlier discussed, the claim for violation of KRS 337.055 is subject to dismissal on summary judgment on the same basis.

Finally, the court will decline to follow Stathers' suggestion that we disregard the elements of the claims, as a panel of the Kentucky Court of Appeals did in *Healthcare of Louisville v. Kiesel*, 715 S.W.2d 246 (Ky.App. 1986).  The court in *Kiesel* provided no explanation for its deviation from the strictures of KRS 337.010(2), but simply found that under the facts before it, "the context require[d] otherwise."  We have been shown no basis for deviating from the clear statutory exemption in this instance.

For the reasons set forth herein, the motion of the defendant, Ice Cream Distributors of Evansville, LLC, for summary judgment will be granted.  A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

---

[1]While Stathers urges that summary judgment is "premature," he has not filed a Fed.R.Civ.P. 56(f) affidavit that he is unable to respond.